IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KENNETH BROOKS, | : | CIVIL ACTION NO. |
| | : | 1:17-CV-0630-WSD-JSA |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DISH NETWORK, LLC, | : | **ORDER AND FINAL REPORT AND** |
| | : | **RECOMMENDATION ON A** |
| Defendant. | : | **MOTION FOR SANCTIONS** |

Plaintiff Kenneth Brooks filed the above-styled action in the State Court of Cobb County, and Defendant DISH Network, LLC ("DISH") removed the action to this Court on February 17, 2017. Plaintiff has brought claims against DISH under the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. §§ 1693, *et seq.*, along with a claim for a violation of the Georgia Fair Business Practice Act, as well as claims for negligence, trespass, and breach of contract.

The action is now before the Court on the Defendant's Motion for Sanctions [16]. The Defendant requests that the Court impose sanctions against Plaintiff under Rule 37 of the Federal Rules of Civil Procedure, including dismissal of this action with prejudice, based on his repeated failure to respond to the Defendant's discovery requests, and his failure to comply with an Order of the Court. The Defendant further requests that the Court order Plaintiff to pay Defendant's costs

and attorney's fees incurred in filing the motion. Plaintiff did not file any response to the Defendant's Motion for Sanctions. For the reasons discussed below, the undersigned **RECOMMENDS** that the Defendant's Motion for Sanctions [16] be **GRANTED**, and that this action be **DISMISSED** with prejudice for want of prosecution based on Plaintiff's repeated failure to comply with his discovery obligations, his failure to comply with an Order of the Court, and his failure to appear at a duly-noticed hearing on the Motion for Sanctions. The Court **ORDERS** counsel for Plaintiff, Anthony Eugene Cheatham, to pay attorney's fees to Defendant's counsel Sean E. Boyd in the amount of $1,419.00.

## I. BACKGROUND

Pursuant to the Scheduling Order entered in this case on March 21, 2017, the parties were ordered to jointly telephone the chambers of the undersigned to request a telephone conference in the event that a discovery dispute arose between the parties that they were unable to resolve through conference between counsel. *See* Scheduling Order [8] at 2 ("Motions to compel, motions for protective order, motions for sanctions or any other motion arising out of a discovery dispute should ordinarily not be filed without a prior conference with the Court."). On July 14, 2017, with the expiration of the discovery period approaching, Defendant wrote a letter to the Court

describing Plaintiff's failure both to respond timely to discovery requests and even to participate in a joint conference call with the Court as required by the Court's Scheduling Order. *See id.* at 1-2.

After receipt of the Defendant's letter, the Court ordered the parties to participate in a teleconference on this topic on July 21, 2017. *See* Order dated July 18, 2017 [14]. In the teleconference, Plaintiff's counsel acknowledged that he had failed to produce timely responses to the Defendant's discovery requests and agreed to supplement Plaintiff's discovery responses within ten days. *See* Minute Order [15]. To allow for receipt of this late discovery and to allow Defendant time for reasonable follow-up if necessary from the discovery, the Court extended discovery through September 1, 2017. *Id.* Thereafter, on August 3, 2017, the Defendant filed a Motion for Sanctions [16], stating that Plaintiff had still not provided the required discovery responses even by the new, extended, date that counsel had agreed to in the teleconference. Defendant requests sanctions against Plaintiff, "up to and including dismissal." Plaintiff failed to file any response to the Motion for Sanctions.

Thereafter, on August 23, 2017, the undersigned entered an Order [17] stating that, notwithstanding Plaintiff's failure to respond to the Motion for Sanctions, "[t]he question that the Court will allow Plaintiff one more chance to address, in person, is

3

whether the harsh relief of dismissal is warranted." Order [17] at 2. The undersigned ordered the parties to appear for a hearing before the undersigned on August 30, 2017, and advised Plaintiff that he "shall show cause why the Court should not dismiss this action on the basis of the discovery violations and violations of the Court's July 21 Order." *Id.* Although Defendant's counsel appeared at the hearing to argue in support of the Motion for Sanctions, Plaintiff's counsel failed to appear at the hearing.

## II. DISCUSSION

In the Motion for Sanctions [16], the Defendant requests that the Court sanction the Plaintiff "up to and including dismissing this action with prejudice," pursuant to Rule 37 of the Federal Rules of Civil Procedure, on the ground that Plaintiff has refused to respond to discovery requests and has refused to comply with a lawful Order of the Court. Def. Mot. [16] at 1-2.

Dismissal of an action is a proper sanction under Rule 37 of the Federal Rules of Civil Procedure for failure to comply with a Court Order regarding discovery. *See* FED.R.CIV.P. 37(b)(2)(A)(v). Dismissal is also proper under Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41.3, both of which provide that a court may dismiss an action with prejudice if a plaintiff fails to prosecute his case or fails to obey a lawful order of the court. Rule 41(b) provides in relevant part that: "If the plaintiff

fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action . . . . Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." FED.R.CIV.P. 41(b). Local Rule 41.3 also provides that a case may be dismissed for failure to prosecute if "[a] plaintiff . . . shall, after notice, . . . fail or refuse to obey a lawful order of the court in the case." LR 41.3(A)(2), NDGa.

In this case, the Plaintiff has not disputed the Defendant's contention that he failed to comply with a lawful Order of the Court when he failed to produce the requested discovery responses within the time period ordered by the undersigned during the teleconference on July 21, 2017. By failing to participate in discovery by providing complete and timely responses to discovery requests, Plaintiff has prevented Defendant from obtaining the discovery that it is entitled to under the Federal Rules of Civil Procedure, and he has prevented this case from proceeding to trial. Moreover, by failing to file any response to the Defendant's Motion for Sanctions, Plaintiff has not even attempted to offer any excuse or justification for that failure. Indeed, under the Local Rules, the Plaintiff's failure to file any response to the Motion for Sanctions indicates that he does not oppose the motion. *See* LR 7.1B, NDGa ("Failure to file a response shall indicate that there is no opposition to the motion.").

5

Ordinarily, the Court would not recommend the imposition of the harsh sanction of dismissal for a single discovery violation. Under the circumstances presented, however, the Plaintiff has demonstrated that a less severe sanction would not be sufficient to compel the Plaintiff to comply with his obligations under the Federal Rules of Civil Procedure to produce timely discovery responses. As noted in the Court's Order of August 23, 2017, the undersigned ordered Plaintiff to appear at the hearing on August 30, 2017, to "show cause why the Court should not dismiss this action on the basis of the discovery violations and violations of the Court's July 21 Order." Order [17] at 2. Plaintiff's failure to appear at the hearing leaves the Court with no appropriate sanction other than dismissal.

Accordingly, the undersigned **RECOMMENDS** that the Defendant's Motion for Sanctions [16] be **GRANTED**, and that this action be **DISMISSED** with prejudice for want of prosecution based on Plaintiff's repeated failure to comply with his discovery obligations, his failure to comply with an Order of the Court, and his failure to appear at a duly-noticed hearing on the Defendant's Motion for Sanctions.

Defendant has also requested reasonable attorney's fees incurred in making this motion as a sanction against Plaintiff under Rule 37. *See* FED.R.CIV.P. 37(b)(2)(C) ("[T]he court must order the disobedient party, the attorney advising that party, or

both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."). Defendant's counsel Sean E. Boyd has submitted an Affidavit stating that DISH incurred $1,419.00 in attorney's fees in connection with the Motion for Sanctions. *See* Boyd Aff. [16-2]. Accordingly, the undersigned **ORDERS** that counsel for Plaintiff, Anthony Eugene Cheatham, pay attorney's fees to Defendant's counsel Sean E. Boyd in the amount of $1,419.00 within **thirty (30) days** of the date of this Report and Recommendation.

### III. CONCLUSION AND RECOMMENDATION

For the reasons discussed above, **IT IS RECOMMENDED** that the Defendant's Motion for Sanctions [16] be **GRANTED**, and that this action be **DISMISSED** with prejudice for want of prosecution based on Plaintiff's repeated failure to comply with his discovery obligations, his failure to comply with an Order of the Court, and his failure to appear at a duly-noticed hearing on the Defendant's Motion for Sanctions.

**IT IS ORDERED** that counsel for Plaintiff, Anthony Eugene Cheatham, pay attorney's fees to Defendant's counsel Sean E. Boyd in the amount of $1,419.00 within **thirty (30) days** of the date of this Report and Recommendation.

As this is a Final Report and Recommendation, there is nothing further in this action pending before the undersigned. Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

**IT IS SO ORDERED AND RECOMMENDED** this 31st day of August, 2017.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE