IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KENNETH BROOKS

        Plaintiff,

v.

DISH NETWORK, LLC,

        Defendant.

1:17-cv-630-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Justin S. Anand's Final Report and Recommendation [19] ("Final R&R") recommending granting Defendant Dish Network, LLC's ("Defendant") Motion for Sanctions (the "Motion") [16] and dismissing the action with prejudice for want of prosecution.[1] No objections to the Final R&R were filed.

## I. BACKGROUND

On February 17, 2017, Defendant removed the Cobb County action to the U.S. District Court for the Northern District of Georgia [1]. On July 14, 2017,

---

[1] As part of his Final R&R, the Magistrate Judge also ordered that counsel for Plaintiff, Anthony Eugene Cheatham, pay attorney's fees to Defendant's counsel, Sean E. Boyd, in the amount of $1419.00 within thirty (30) days of the date of the Final R&R. ([19] at 7).

with the expiration of the discovery period approaching, Defendant wrote a letter to the Court describing Plaintiff's failure to timely respond to discovery requests or participate in a joint conference call with the Magistrate Judge as required by a the Court's Scheduling Order [8]. On July 21, 2017, the parties participated in a teleconference regarding the matter. During the conference call, Plaintiff's counsel acknowledged that he failed to produce timely responses to the Defendant's discovery requests and agreed to supplement Plaintiff's discovery responses within ten days. ([19] at 3). The Magistrate Judge extended discovery through September 1, 2017. (Id.).

On August 3, 2017, Defendant filed the Motion, stating that Plaintiff failed to provide required discovery responses. Defendant seeks sanctions against Plaintiff "up to and including dismissing the action with prejudice." ([16.1] at 7). Plaintiff did not file a response to the Motion. On August 23, 2017, the Magistrate Judge entered an Order [17] (the "August 23rd Order") stating that, notwithstanding Plaintiff's failure to respond to the Motion for Sanctions, "[t]he question that the Court will allow Plaintiff one more chance to address, in person, is whether the harsh relief of dismissal is warranted." ([17] at 2). The Magistrate Judge ordered the parties to appear for a hearing on August 30, 2017, and advised Plaintiff that he would be required to show cause why the action should not be

dismissed on the basis of discovery violations. (Id.). Plaintiff's counsel failed to appear at the hearing.

On August 31, 2017, the Magistrate Judge issued his Final R&R, recommending granting Defendant's Motion for Sanctions and dismissing the action with prejudice. No objections to the Final R&R were filed.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). Where, as here, Plaintiff does not file objections to the Final R&R, the Court reviews it for plain error.

B. <u>Analysis</u>

Rule 37 of the Federal Rules of Civil Procedure provides that dismissal may be an appropriate sanction where a party fails to comply with a court order regarding discovery. <u>See</u> Fed. R. Civ. P. 37(b)(2)(A)(v); <u>see also</u> N.D. Ga. L.R. 41.3(A)(2) ("The court may, with or without notice to the parties, dismiss a civil case for want of prosecution if . . . [a] plaintiff . . . shall, after notice, . . . fail or refuse to obey a lawful order of the court in the case."). Rule 41(b) of the Federal Rules of Civil Procedure also provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action . . . . Unless the dismissal or order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

The Magistrate Judge found that "[b]y failing to participate in discovery by providing complete and timely responses to discovery requests, Plaintiff has prevented Defendant from obtaining the discovery that it is entitled to . . . and [] has prevented this case from proceeding to trial." ([19] at 5). The Magistrate Judge noted that "[o]rdinarily[] the Court would not recommend the imposition of the harsh sanction of dismissal for a single discovery violation," but, "[u]nder the circumstances, . . . Plaintiff has demonstrated that a less severe sanction would not

4

be sufficient to compel the Plaintiff to comply with his obligations under the Federal Rules of Civil Procedure to produce timely discovery responses." (Id. at 6). The Court finds no plain error in the Magistrate Judge's determination.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Justin S. Anand's Final Report and Recommendation [19] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Sanctions [16] is **GRANTED**.

**IT IS FURTHER ORDERED** that the action is **DISMISSED WITH PREJUDICE.**

**SO ORDERED** this 2nd day of October, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE